IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRUCE MCGRONE, | |
| Plaintiff, | 8:18CV233 |
| vs. | |
| TAGGART BOYD, Warden; CORPORAL SORENSEN, Guard; THE STATE OF NEBRASKA DEPT. OF CORRECTIONS, and SHELLY R. STRATMAN, Judge; | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the court on various motions[1] filed by Plaintiff. The court will address each motion in turn.

### I. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis ("IFP"). (Filing No. 5.) The court has received a copy of Plaintiff's trust account information. (Filing No. 9.) Plaintiff is permitted to proceed IFP.

Prisoner plaintiffs are required to pay the full amount of the court's $350.00 filing fee by making monthly payments to the court, even if the prisoner is

---

[1] Two of the motions (filing no. 7; filing no. 10) consist of correspondence from the Plaintiff which the court directed the clerk's office to file in this case as motions. Plaintiff should be mindful to include the correct docket number on any documents he files with the court from this point forward. *See* NECivR 10.1(a)(3) ("A document must plainly show the case caption, a description or designation of its contents, and the party or person/entity on whose behalf it is filed. All documents after the pleading initiating a proceeding must also show the correct docket number. . . .").

proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. Here, the court finds the initial partial filing fee is $4.15, based on average monthly deposits in the amount of $20.77. Plaintiff must pay this initial partial filing fee within 30 days or his case will be subject to dismissal. Plaintiff may request an extension of time if one is needed.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the court.

Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d at 529–30; *Jackson*, 173 F. Supp. 2d at 951.

## II. MOTIONS TO APPOINT COUNSEL

Plaintiff has filed what the court construes as motions seeking the appointment of counsel.[2] (Filing No. 7; Filing No. 10.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id.* Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

## III. MOTION FOR COPIES

Plaintiff has also filed a motion for copies seeking a "free electronic copy of all documents filed electronically" in his closed case, 8:17CV222. (Filing No. 10.) The statutory right to proceed in forma pauperis does not include the right to receive copies of documents without payment. 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y.1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the

---

[2] Plaintiff also requests information "about the pro se law clerks that are available to assist me . . . and the Court's guidelines in general." (Filing No. 7 at CM/ECF p.2.) The pro se law clerks' responsibilities with respect to the court's pro se docket are set forth in the General Order 2016-02, a copy of which was mailed to Plaintiff. (*See* Filing No. 3.) The pro se law clerks are employees of the court and supervised by the undersigned. As such, to the extent Plaintiff seeks legal advice or similar assistance with his litigation from the pro se law clerks, such assistance is unavailable. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 243 (3d Cir. 2013) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183–84 (1984)) ("[T]here is no case law requiring courts to provide general legal advice to pro se parties. In a long line of cases, the Supreme Court has repeatedly concluded that courts are under no such obligation."). The court will, however, direct the clerk's office to provide Plaintiff with a copy of the court's local civil rules. *See* NEGenR 1.1(e).

necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark, 472 F.2d 1077, 1078 (8th Cir.1973)*). If Plaintiff requires copies of court documents, he should contact the clerk's office to determine the proper method of requesting and paying for copies.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motions to appoint counsel (filing no. 7; filing no. 10) are denied without prejudice to reassertion. The clerk's office is directed to provide Plaintiff with a free copy of the court's local civil rules.

2. Plaintiff's motion for copies (filing no. 10) is denied. The clerk's office is directed to provide Plaintiff a response as to the cost for copies of the documents he requests.

3. Plaintiff's Motion for Leave to Proceed IFP (filing no. 5) is granted.

4. Plaintiff must pay an initial partial filing fee of $4.15 within 30 days unless the court extends the time in which he has to pay in response to a written motion.

5. After payment of the initial partial filing fee, Plaintiff's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and forward those payments to the court.

6. The clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

7. The clerk's office is directed to set a pro se case management deadline in this case using the following text: **July 26, 2018**: initial partial filing fee payment due.

8. Plaintiff is advised that, following payment of the initial partial filing fee, the next step in Plaintiff's case will be for the court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The court will conduct this initial review in its normal course of business.

Dated this 26th day of June, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge