IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRUCE MCGRONE, <br><br> Plaintiff, <br><br> vs. <br><br> TAGGART BOYD, Warden; CORPORAL SORENSEN, Guard; THE STATE OF NEBRASKA DEPT. OF CORRECTIONS, and SHELLY R. STRATMAN, Judge; <br><br> Defendants. | 8:18CV233 <br><br><br> MEMORANDUM AND ORDER |

Plaintiff Bruce McGrone is a pro se litigant in the custody of the Douglas County Department of Corrections on pending criminal charges. The court has granted Plaintiff permission to proceed in forma pauperis (filing no. 12) and now conducts an initial review of the Complaint (filing no. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Nebraska Department of Correctional Services ("NDCS")[1]; Taggart Boyd, the Warden of the NDCS' Diagnostic and Evaluation Center ("DEC"); Corporal Sorensen, a DEC correctional officer; and Judge Shelly R. Stratman in their individual capacities. Liberally construed, Plaintiff alleges Defendants violated his due process rights, were deliberately indifferent to his health, safety, and serious medical needs, and subjected him to cruel and unusual punishment.

---

[1] Plaintiff refers to the NDCS as the "State of Nebraska Department of Corrections." (*See* Filing No. 1 at CM/ECF p. 3.) The proper name for this defendant is the Nebraska Department of Correctional Services or NDCS, which the court will use throughout this order.

Plaintiff's claims arise out of an incident on September 3, 2016, at the DEC. Plaintiff alleges Sorensen instructed Plaintiff to "lock up" in his cell, but Plaintiff asked if he could wait a few minutes because his cellmate was using the restroom within the cell. Sorensen replied in the negative. ([Filing No. 1 at CM/ECF pp. 16–17](#).) As Plaintiff's attention was focused on Sorensen, another inmate, Millner, attacked Plaintiff, hitting him hard in the face with his fist and kicking him in the chest. Plaintiff was knocked backwards and "land[ed] extremely hard against the upper deck banister pole on [his] lower backbone." (*[Id.* at CM/ECF p. 17](#).) Plaintiff was warned by another inmate that Millner had a razor in his hand, and Plaintiff began defending himself. As a result of the attack, Plaintiff suffered injuries to his face, "inner jaw and lip," teeth, lower back, and chest. (*[Id.* at CM/ECF pp. 14](#), [17–19](#).)

Plaintiff alleges Sorensen "[saw] what occurred and failed to stop the incident before it got too serious." (*[Id.* at CM/ECF p. 17](#).) Sorensen also "spray[ed] [Plaintiff] excessively with mace, instead of [his] assailant[,]" and "used racist language . . . when he said out of ang[er], 'Black-ass nigger.'" (*[Id.* at CM/ECF p. 12](#).) Plaintiff further alleges Sorensen lied in his disciplinary misconduct report by stating no weapon was involved and tried to conceal the razor as evidence by throwing it away in the garbage. (*[Id.* at CM/ECF pp. 12–13](#), [18](#).)

With respect to Warden Taggart Boyd, Plaintiff alleges Boyd "refused to acknowledge [Plaintiff's] Step I & II grievances" and ignored Plaintiff's request to press charges against his assailant and to have the "U.S. State Patrol" investigate the matter. (*[Id.* at CM/ECF p. 13](#); *see also [Id.* at CM/ECF p. 7](#).) Plaintiff believes Boyd refused to take any action because "the [misconduct] report was dismissed and he assumed that [Plaintiff] was satisfied with the results of the situation" and because Boyd knew Plaintiff "was going home December 26, 2016." (*[Id.* at CM/ECF p. 13](#).) Plaintiff further alleges that "[u]nder [Boyd's] administration, the medical staff refused to give [Plaintiff] proper medical care as far as receiving X-

Rays for [his] headache and lower back injury" and "stitches for a major cut on [his] chest." (*Id.* at CM/ECF p. 14.)

Plaintiff alleges Judge Stratman "sentenced [Plaintiff] excessively" and "gave [him] too much post-release supervision" contrary to Nebraska statutory sentencing guidelines. (*Id.* at CM/ECF p. 15.) As a result of Judge Stratman's allegedly excessive sentence, Plaintiff was "sent . . .back to confinement at the Diagnostic & Evaluation Center where the altercation happened," which he alleges makes Judge Stratman responsible for the harms he suffered while incarcerated. (*Id.* at CM/ECF pp. 15, 20.)

As relief, Plaintiff seeks "to be compensated for the harm that was done to [him] . . . as well as . . . punitive damages." (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

**A. NDCS**

As an initial matter, a suit may be brought under § 1983 only against a "person" who acted under color of state law. Generally, a state, its agencies and instrumentalities, and its employees in their official capacities are "not 'person[s]' as that term is used in § 1983, and [are] not suable under the statute, regardless of the forum where the suit is maintained." *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200–01 (1991). *See also McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (states, arms of the state, and state officials acting in their official capacities are not subject to suit under § 1983). Thus, § 1983 does not create a cause of action against the State of Nebraska or the NDCS.

**B. Judge Stratman**

Plaintiff's claims against Judge Stratman in her individual capacity are barred by judicial immunity. A judge is immune from suit, including suits brought under § 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted).

Here, Plaintiff alleges Judge Stratman gave him an excessive sentence contrary to Nebraska statutory sentencing guidelines which resulted in Plaintiff being placed at DEC where he was ultimately attacked. (Filing No. 1 at CM/ECF p. 15.) Although Plaintiff alleges she acted contrary to State law, Plaintiff alleges no facts suggesting Judge Stratman's actions fell outside the scope of her duties as a judge presiding over a criminal case or that Judge Stratman acted without jurisdiction. Accordingly, Judge Stratman is immune from suit and Plaintiff's claims against her are dismissed.

Moreover, Plaintiff's request for damages from Judge Stratman based on his allegedly excessive sentence is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87; *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486–87.

Here, the Complaint's allegations demonstrate that the *Heck* bar is properly invoked. If successful, Plaintiff's claim that his sentence was excessive and violated his constitutional rights necessarily implicates the validity of his conviction and sentence. Plaintiff has not alleged that his conviction or sentence has been overturned or called into question. Therefore, Plaintiff's claim for relief against Judge Stratman is barred by *Heck v. Humphrey*.

## C. Warden Taggart Boyd

*1. Failure to Respond to Grievances and to Investigate*

Plaintiff alleges Boyd ignored his grievances as well as his request to press charges against his assailant and have the State Patrol investigate the matter. Liberally construed, Plaintiff appears to assert Boyd's actions (or inaction) violated his due process rights. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus, Plaintiff must demonstrate that he has been deprived of a liberty interest in order to successfully claim that his Fourteenth Amendment right to due process has been violated. *Persechini v. Callaway*, 651 F.3d 802, 806 (8th Cir. 2011) (citing *Sandin v. Conner*, 515 U.S. 472 (1995)). A liberty interest can arise out of the Due Process Clause itself or be state-created. *Id.* (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

Plaintiff's allegations regarding the mishandling of and inadequate responses to his inmate grievances fail to state a claim for relief under § 1983. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (holding that inmates have no "liberty interest" in the processing of their grievances, such as would support § 1983 claim for prison officials' failure to pick up inmate's completed grievance forms or investigate inmate's grievances). In addition, Plaintiff's allegations that Boyd

ignored his request to press charges and have the State Patrol investigate fail to state a cognizable claim for relief as Plaintiff does not have a constitutional right to compel a criminal investigation. *See Parkhurst v. Tabor*, 569 F.3d 861, 866 (8th Cir. 2009) (quoting *Doe v. Mayor and City Council of Pocomoke City*, 745 F.Supp. 1137, 1139 (D.Md. 1990) ("The Court is not aware of a constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime.")); *Hendrickson v. Schuster*, No. 5:16-CV-05057, 2018 WL 1597711, at *12 (W.D. Ark. Apr. 2, 2018) (Constitution did not confer a right to investigation of an inmate's sexual assault claim). Accordingly, Plaintiff's due process claims based on Boyd's failure to respond to Plaintiff's grievances and to initiate an investigation will be dismissed.

*2. Failure to Provide Proper Medical Care*

Plaintiff also alleges that Boyd is responsible for the DEC medical staff's failure to provide Plaintiff proper medical care after he was attacked. (Filing No. 1 at CM/ECF p. 14.) Plaintiff alleges that the medical staff "refused to give [him] X-Rays for [his] lower back and headache pain," which he asserts he needed "because of [his] previous skull fracture injury," and that he was not "able to see a doctor in order to determine and diagnose what was happening to [his] head and lower back. (Filing No. 1 at CM/ECF p. 19.) Additionally, Plaintiff alleges the medical staff failed to give him "stitches for a major cut on [his] chest" which Plaintiff "didn't notice . . . until [he] was allowed to take a shower after[] being in Lincoln State prison lockdown for 3 days." (*Id.* at CM/ECF p. 14.) Liberally construed, Plaintiff alleges violations of his rights under the Eighth Amendment to the United States Constitution.

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs. *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000). A plaintiff claiming deliberate indifference must show an objectively serious medical need that the "defendant actually knew of, but deliberately disregarded." *McRaven v. Sanders*, 577 F.3d

7

974, 980 (8th Cir. 2009). An objectively serious medical need is one "diagnosed by a physician as requiring treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Jones v. Minnesota Dep't of Corr.*, 512 F.3d 478, 481 (8th Cir. 2008) (internal quotation marks omitted). Deliberate disregard requires "more than negligence, more even than gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (internal citations and quotation marks omitted). Thus, to be liable for deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, Plaintiff seeks to hold Boyd responsible for Plaintiff's allegedly deficient medical care because he is the warden of the DEC. "It is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted). To state a § 1983 claim, the plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). "Supervisors can, however, 'incur liability . . . for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of violative practices.'" *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)).

Plaintiff does not allege that Boyd was personally involved in the provision of any medical treatment to Plaintiff nor does he allege facts suggesting that Boyd failed to correct any known deficiencies in Plaintiff's medical treatment. As such, Plaintiff has failed to state a plausible claim for relief against Boyd. On the court's own motion, however, Plaintiff shall be given leave to file an amended complaint that alleges a plausible claim of deliberate indifference to serious medical needs

against Boyd or specific individuals involved in Plaintiff's medical care at the DEC.

**D. Corporal Sorensen**

Liberally construed, Plaintiff alleges that Sorensen failed to protect him from the assault by inmate Millner and also used excessive force against him in violation of the Eighth Amendment.

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, prison officials do not incur constitutional liability for every injury suffered by a prisoner. *Id.* at 834. In order to prevail on an Eighth Amendment failure-to-protect claim, an inmate must make two showings. First, the inmate must demonstrate that he or she is "'incarcerated under conditions posing a substantial risk of serious harm.'" *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The second requirement concerns the state of mind of the prison official who is being sued. *Id.* It mandates that the inmate show that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* (internal quotation omitted). This subjective requirement is necessary because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Id.* (internal quotation omitted).

In addition, "[i]t is well established that a malicious and sadistic use of force by a prison official against a prisoner, done with the intent to injure and causing actual injury, is enough to establish a violation of the Eighth Amendment's cruel and unusual punishment clause." *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010) (internal quotations omitted). "One acts maliciously by undertaking, without just cause or reason, a course of action intended to injure another; in contrast, one acts sadistically by engaging in extreme or excessive cruelty or by

9

delighting in cruelty." *United States v. Miller*, 477 F.3d 644, 647 (8th Cir. 2007) (internal quotation and citation omitted).

In an Eighth Amendment excessive-force case, "the core judicial inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). "Whether the force used was reasonable is 'judged from the perspective of a reasonable officer on the scene' and in light of the particular circumstances." *Story v. Norwood*, 659 F.3d 680, 686 (8th Cir. 2011) (quoting *Graham v. Connor*, 490 U.S. 386, 396–97 (1989)).

Plaintiff's allegations indicate that he was attacked by inmate Millner without provocation in Sorensen's presence, that Sorensen sprayed Plaintiff with mace instead of spraying Millner, and that Sorensen used disparaging language towards Plaintiff and attempted to conceal the weapon used by Millner against Plaintiff in the attack. Given the liberal construction afforded to pro se litigants' pleadings, the court concludes that Plaintiff has stated sufficient failure-to-protect and excessive force claims against Sorensen in his individual capacity. Plaintiff's Eighth Amendment claims against Sorensen will be permitted to proceed to service of process. However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto. Further, no summonses will be issued until after Plaintiff has had an opportunity to amend his Complaint in accordance with this Memorandum and Order.

**E. State Law Claims**

Liberally construing the Complaint, Plaintiff may also be asserting state law claims of negligence. Pending amendment of the Complaint as set forth in this Memorandum and Order, the court makes no finding regarding its jurisdiction over any potential state law claims.

## IV. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion ([filing no. 25](filing no. 25)) seeking the appointment of counsel and generally asking for assistance with obtaining discovery materials and with trial preparation.

First, the court cannot provide any legal advice to Plaintiff. *[Mala v. Crown Bay Marina, Inc.](Mala v. Crown Bay Marina, Inc.)*, 704 F.3d 239, 244 (3d Cir. 2013) ("[A] 'trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal "chores" for the defendant that counsel would normally carry out.'") (quoting *[Plier v. Ford](Pliler v. Ford)*, 542 U.S. 225, 231 (2004)).

Second, the court cannot routinely appoint counsel in civil cases. In *[Davis v. Scott](Davis v. Scott)*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *[Id](Id).* Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. The following Defendants and claims shall be dismissed or proceed further as specified below:

    a. Defendants the State of Nebraska Department of Corrections and Judge Stratman are dismissed from this case with prejudice and without leave to amend.

      b.      Plaintiff is granted leave to file an amended complaint to state a plausible Eighth Amendment claim of deliberate indifference to his medical needs against Warden Taggart Boyd and/or specific individuals involved in his medical care at the DEC.

      c.      For purposes of initial review only, Plaintiff has stated viable Eighth Amendment claims against Corporal Sorensen in his individual capacity.

2.      Plaintiff shall have until **July 24, 2019**, to file an amended complaint in accordance with this Memorandum and Order. **If Plaintiff decides to file an amended complaint, Plaintiff must include all of the claims he wishes to pursue against all of the defendants he wishes to proceed against in the amended complaint. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him.**

3.      In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. **Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint.**

4.      The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

5.      If Plaintiff elects not to file an amended complaint, then the court shall enter an order directing the clerk's office to issue summons to Corporal Sorensen.

6.      Plaintiff's motion for the appointment of counsel (filing no. 25) is denied without prejudice to reassertion.

7. The clerk of the court is directed to set a pro se case management deadline using the following text: **July 24, 2019**: check for amended complaint.

8. The clerk's office is directed to remove Defendants "The State of Nebraska Dept. of Corrections" and Judge Shelly R. Stratman from this action.

9. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 24th day of June, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge