IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRUCE MCGRONE,<br><br>            Plaintiff,<br><br>vs.<br><br>TAGGART BOYD, Warden;<br>CORPORAL SORENSEN, Guard; and<br>THE STATE OF NEBRASKA,<br><br>            Defendants. | 8:18CV233<br><br>**MEMORANDUM<br>AND ORDER** |

      Plaintiff, a pro se litigant currently in the custody of the Nebraska Department of Correctional Services ("NDCS"), filed his Complaint on May 29, 2018, seeking damages related to injuries he received from an attack by another inmate on September 3, 2016, at the Lincoln Diagnostic and Evaluation Center ("DEC"). (Filing No. 1.) Plaintiff was given leave to proceed in forma pauperis. (Filing No. 12.) After initial review, the court determined Plaintiff's Complaint stated viable Eighth Amendment claims against Defendant Corporal Sorensen in his individual capacity and permitted Plaintiff to file an amended complaint to state a plausible Eighth Amendment claim against Defendant Taggart Boyd and/or specific individuals involved in Plaintiff's medical care at the DEC. (Filing No. 26.)

      On July 17, 2019, Plaintiff filed an unsigned, handwritten Supplemental and Amended Complaint. (Filing No. 27.) After the clerk's office entered a text order directing Plaintiff to correct the signature deficiency, Plaintiff filed a typed, signed Supplemental and Amended Complaint that is nearly identical to the unsigned pleading in substance. (Filing No. 29.) The unsigned pleading (filing no. 27) will be stricken, and the court now conducts a review of the signed Supplemental and Amended Complaint (filing no. 29) pursuant to 28 U.S.C. § 1915(e).

# I. SUMMARY OF SUPPLEMENTAL AND AMENDED COMPLAINT

In his Supplemental and Amended Complaint, Plaintiff alleges the following:

1. Defendant Taggart Boyd['s] action and inaction contributed to my injuries due to his failure to investigate and make sure plaintiff:

   a) He failed to make sure that the unnamed defendants provided adequate medical treatment.
   b) He failed to follow up on the assualt [sic].
   c) He failed to follow up on plaintiff's treatment.
   d) He failed to follow up on both of plaintiff's grievances that were submitted to him.
   e) He failed to thoroughly investigate the incident and other reliable witnesses.
   f) He failed to provide safety and security to plaintiff and the institution as a whole.
   g) He interferred [sic] with plaintiff to rightfully prosecute his assailant.
   h) He failed to look into the matter of why the defendant Corporal Sorensen violated certain Rules and Regulations of the Institution as well as Torts and Local or State Laws.
   i) He failed to see why Corporal Sorensen lied to his' [sic] superiors when questioned about the facts of the incident.

   This is plaintiff['s] cause of action and facts to support his claims.

(Filing No. 29.)

# II. DISCUSSION

Liberally construed, Plaintiff's Supplemental and Amended Complaint alleges Eighth and Fourteenth Amendment claims against Warden Taggard Boyd.

In granting Plaintiff leave to amend his Complaint with respect to his Eighth Amendment claims against Boyd, the court specifically advised Plaintiff:

> 2. . . . . **If Plaintiff decides to file an amended complaint, Plaintiff must include all of the claims he wishes to pursue against all of the defendants he wishes to proceed against in the amended complaint. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him.**
>
> 3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint ([filing no. 1](#)) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. **Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint.**

([Filing No. 26 at CM/ECF p. 12](#).)

Clearly, Plaintiff's Supplemental and Amended Complaint ([filing no. 29](#)) does not comply with the court's June 24, 2019 order granting him leave to amend his claims against Defendant Boyd. Rather than consolidating all his claims into one document, Plaintiff merely filed a supplement to his Complaint restating his conclusory claims against Boyd. This court may consider "pro se litigants' amended pleadings . . . as supplemental to, rather than as superseding, the original pleading, unless the pleading states that it supersedes the prior pleading." NECivR [15.1](#)(b). However, the court declines to consider Plaintiff's Supplemental and Amended Complaint as supplemental to the Complaint and, instead, will strike the pleading as it was not filed in accordance with the court's June 24, 2019 Memorandum and Order.

Even if the court considered Plaintiff's Supplemental and Amended Complaint as supplemental to the Complaint, the pleading fails to cure the defects in the Complaint with respect to Plaintiff's claims against Boyd and such claims would not be permitted to proceed to service of process.

Accordingly, the court will treat Plaintiff's Complaint ([filing no. 1](#)) as the operative pleading. As stated in the court's June 24, 2019 Memorandum and Order on initial review, Plaintiff's Complaint states viable Eighth Amendment claims against Corporal Sorensen in his individual capacity. Those claims may now proceed to service of process.

IT IS THEREFORE ORDERED that:

1. Plaintiff's unsigned Supplemental and Amended Complaint ([filing no. 27](#)) is stricken because it is deficient and does not comply with NECivR [11.1.](#)

2. Plaintiff's Supplemental and Amended Complaint ([filing no. 29](#)), which was filed by Plaintiff and intended to be a supplement to his Complaint, is stricken because it was not filed in accordance with the court's June 24, 2019 Memorandum and Order.

3. Plaintiff's claims against Defendant Taggart Boyd are dismissed without prejudice and without leave to amend for failure to state a claim upon which relief can be granted as stated in the court's June 24, 2019 Memorandum and Order. (*See* [Filing No. 26 at CM/ECF pp. 6–9](#).)

4. Plaintiff's Eighth Amendment claims against Corporal Sorensen in his individual capacity may proceed to service of process.

5. The clerk of court is directed to obtain the last known address for Defendant Sorensen from the Marshals Service for service of process on him in his individual capacity.

6. Upon obtaining the necessary address, the clerk of court is directed to complete and issue summons for Defendant Sorensen in his individual capacity at the address provided by the Marshals Service. The clerk of court is further directed

to deliver the summons, the necessary USM-285 Form, the Complaint (filing no. 1), a copy of the court's previous memorandum and order on initial review (filing no. 26), and a copy of this order to the Marshals Service for service of process on Defendant Sorensen in his individual capacity. Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).[1]

7. The clerk of court is directed to file under seal any document containing the last known address for Defendant Sorensen.

8. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

9. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

10. The clerk of court is directed to set the following pro se case management deadline: **November 18, 2019**: check for completion of service of process.

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

11. The clerk of court is directed to remove all named defendants from the case caption <u>except for</u> Corporal Sorensen.

Dated this 19th day of August, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge